

FILED
JUL 29 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,

        Plaintiff,

v.

        Civil No. 2 13CV422

JAMES OENNING and
PAULA OENNING,

        Defendants.

## COMPLAINT

The Plaintiff, JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty"), by counsel, and for its Complaint against the Defendants, James Oenning and Paula Oenning (collectively the "Oennings"), states as follows:

### The Parties

1. Liberty is a Delaware corporation with its headquarters and principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, Virginia 23454.

2. James Oenning ("Mr. Oenning") is a citizen of the state of California whose last known address is 3507 Lake Park Avenue, Fallbrook, California 92028.

3. Paula Oenning ("Ms. Oenning") is a citizen of the state of California whose last known address is 3507 Lake Park Avenue, Fallbrook, California 92028.

### Personal Jurisdiction

4. Personal jurisdiction over the Oennings exists in Virginia because:

    a. In the process of purchasing and operating a Liberty Tax franchise, the Oennings had a substantial and continuing relationship with Liberty's headquarters in Virginia Beach,

1

Virginia, including travel to Virginia to attend training classes in Virginia Beach, and the submission of regular reports and other regular contact with Liberty in Virginia Beach, Virginia. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1984).

 b. The Oennings' Franchise Agreement with Liberty contains a consent to jurisdiction clause in favor of Virginia. (Franchise Agreement § 15.b. ("Franchise Agreement")) (Attached as Exhibit 1.)

## Subject Matter Jurisdiction

 5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy, excluding interest and costs, exceeds $75,000.

## Venue

 6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this cause of action arose in Virginia Beach and because the Oennings' Franchise Agreement contains a forum selection clause specifying venue in this Court. (Franchise Agreement § 15.b.)

## Factual Background

### The Liberty Tax Service System

 7. Liberty is engaged in the business of advertising, promoting and licensing a system of tax preparation centers throughout the United States.

 8. In the January-April 2013 time frame, Liberty had over 4,500 offices nationwide, most of which were franchised.

### Oennings' Franchise Agreement

 9. On October 31, 2007, the Oennings entered into a Franchise Agreement with

Liberty for the territory known as CA753.

10. Mr. Oenning and Ms. Oenning signed the Franchise Agreement as Joint Tenants with the Right of Survivorship.

11. This agreement expired by its own terms on October 31, 2012.

12. The Oennings did not renew the Franchise Agreement.

13. However, the Oennings continued operations as a Liberty Tax Service franchised office through the 2013 tax season.

14. The Oennings are currently operating as Fallbrook Tax Professionals at their former Liberty office at 412 Main Avenue, Fallbrook, California 92028.

**Termination of the Oennings' Franchise**

15. On October 31, 2012, the Oennings' Franchise Agreement expired, yet the Oennings continued operations as a Liberty Tax Service franchised office through the 2013 tax season.

16. On June 25, 2013, Liberty sent a letter of termination stating that the Oennings were terminated due to breaches of the Franchise Agreement, including, but not limited to their failure to maintain active operations, failure to maintain required off-season business hours, failure to renew the franchise agreement, failure to properly advertise tax school and failure to pay amounts owing to Liberty. (Termination Letter of June 25, 2013, attached as Exhibit 2.)

17. Upon termination of the Franchise Agreement, the Oennings' post-termination duties came into effect. Those duties include the following:

(a) Remove all Liberty signs from all of your offices and other premises; and

(b) Stop identifying yourself as a Liberty Tax franchisee, never hold out as a former Liberty Tax franchisee and cease, and not thereafter commence, use of any of the Marks or any marks which are likely to be confused with the Marks; and

(c) Stop using all literature received from us and other items bearing the Marks; and

(d) Pay to us all amounts owing to us; and

(e) Transfer to us all telephone numbers, listings and advertisements used in relation to the Franchised Business and deliver to us copies of such documents of transfer; and

(f) Deliver to us all copies, including electronic copies, of lists and other sources of information containing the names of customers who patronized the Franchised Business; and

(g) Deliver to us all customer tax returns, files, records and all copies thereof; and

(h) Deliver to us the copy of the Operations Manual and any updates which we loaned to you; and

(i) Cancel all fictitious name listings which you have filed for use of any of the Marks; and

(j) Adhere to the provisions of the post-term covenants not to compete and not to solicit and any other covenant herein that requires performance by you after you are no longer a franchisee.

(Franchise Agreement § 9.)

18. The Oennings also became obligated to comply with the covenants not to compete and not to solicit contained in sections 10.b. and d. of the Franchise Agreements. These covenants provide as follows:

> **Post-Term Covenant Not to Compete.** You agree that for a period of two (2) years following the termination, expiration, transfer or other disposition of

4

the Franchised Business, you agree not to directly or indirectly, for a fee or charge, prepare or electronically file income tax returns, or offer Bank Products, within the Territory or within twenty-five miles of the boundaries of the Territory granted by this Agreement.

**Covenant Not to Solicit.** You agree that for a period of two (2) years following the termination, expiration, transfer or other disposition of the Franchised Business, you will not within the Territory or within 25 miles of the boundaries of the Territory, directly or indirectly, solicit the patronage of any person or entity served by any of your prior Liberty offices in the last 12 months that you were a Liberty franchisee, or such shorter time as you were a Liberty franchisee, for the purpose of offering such person or entity, for a fee or charge, income tax preparation, electronic filing of tax returns, or Bank Products.

(Franchise Agreement §§ 10. b. and d.)

### The Oennings' Breaches of the Franchise Agreement

19. The Oennings have failed to comply with all of their post-termination duties to Liberty, and they are in violation and continue to violate the covenants not to compete and not to solicit.

20. In a letter dated June 26, 2013, ("Letter of June 26") the Oennings stated that "we will continue to make our living processing tax returns" in violation of their non-compete obligation. (Letter of June 26, 2013 attached as Exhibit 3.)

21. The Letter of June 26 stated that the Oennings would "continue to solicit tax clients" in violation of their non-solicit obligation. (*Id.*)

22. The Letter of June 26 included letterhead showing the office of the Oennings' new competing office as being 412 Main Ave, Fallbrook, California 92028. (*Id.*)

23. 412 Main Ave, Fallbrook, California 92028, is the same address as the Oennings' former Liberty office.

24. The Letter of June 26 listed a phone number for Fallbrook Tax Professionals at the bottom of the letter as 760-723-3700.

25. The phone number of 760-723-3700, is the phone number for the Oennings' former Liberty office.

26. The Oennings have failed to turn the phone number over to Liberty in violation of their Franchise Agreement.

27. The Oennings have failed to return the customer files and customer list.

28. On information and belief, the Oennings are using the customer files and list in connection with preparing tax returns and soliciting customers at the new competing office.

29. The Oennings also owe Liberty $56,406.37 in unpaid accounts receivable. (Liberty Accounting Summary attached as Exhibit 4.)

30. The Oennings have failed to pay $56,406.37 in violation of their Franchise Agreement.

**Promissory Note**

31. To finance the purchase of the franchise and for operating capital, Mr. Oenning executed a promissory note payable to Liberty.

32. Mr. Oenning executed Promissory Note No. 5017-OP-2013 dated September 5, 2012, in the amount of $12,500.00 signed by "James Oenning" as maker. To date $2,700.15 of the principal and $30.60 of interest is unpaid. (Promissory note attached as Exhibit 5.)

33. Termination of the Franchise Agreement was also a default under the Promissory Note.

34. By its terms, the Promissory Note provided that failure to pay amounts as due constituted a default.

35. Upon default, the entire amount due under each promissory note was accelerated under the following term of each promissory note: "If an event of default shall occur or if the

undersigned shall fail to pay this Note in full at maturity, the entire unpaid balance of this Note and all accrued interest shall become immediately due and payable, at the option of Liberty, without notice or demand to any Obligor."

36. As such, all amounts owed under the Promissory Note became immediately due and payable.

37. Currently, Mr. Oenning's outstanding balance owed to Liberty under the Promissory Note is $2,730.75.

38. Defendants failed to pay that amount, or any amount due, upon termination.

39. Each Promissory Note provides for payment of all attorneys' fees, costs, or expenses that Liberty may incur in enforcing the Promissory Notes.

## COUNT I
## BREACH OF FRANCHISE AGREEMENT
## (All Defendants)

40. Liberty repeats and re-alleges paragraphs 1-39 as if fully set forth herein.

41. The Oennings became subject to the post-termination obligations under their Franchise Agreement when the Franchise Agreement was terminated on June 25, 2013.

42. The Oennings breached the CA753 Franchise Agreement with Liberty by failing to adhere to the post-termination duties contained in sections 9 and 10 of the Franchise Agreement in the ways specified above, as well as such other and further breaches as investigation and discovery may reveal.

43. Liberty suffered damages and irreparable harm (from the non-monetary breaches), and will continue to suffer damages and irreparable harm because of such breaches, unless the Oennings, and all of their agents, employees and all other persons in active concert or participation with them, are enjoined from further breaches by this Court.

44. Liberty suffered damages because the Oennings failed to pay all monies owed to Liberty, including the accounts receivable.

## COUNT II
## BREACH OF PROMISSORY NOTE
## (Mr. Oenning only)

45. Liberty repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

46. Mr. Oenning breached the Promissory Note by failing to pay all amounts due.

47. The total amount past due and owing to Liberty on the Promissory Note is $2,730.75.

48. Pursuant to the terms of the Promissory Note, Liberty is entitled to recover the principal amounts, plus interest at 12% per annum, and Liberty's attorneys' fees and costs incurred in enforcing such notes.

## COUNT III
## CIVIL CONSPIRACY
## (All Defendants)

49. Liberty repeats and re-alleges paragraphs 1-48 as if fully set forth herein.

50. Upon information and belief, the Oennings have acted in concert, agreed, associated, mutually undertaken and combined together to injure Liberty's business.

51. Upon information and belief, the Oennings are acting together to breach their post-termination duties and covert Liberty's customers.

52. The Oennings' civil conspiracy has caused and continues to cause, harm and irreparable harm to Liberty.

## COUNT IV
## BUSINESS CONSPIRACY (Va. Code. § 18.2-499, *et seq.*)
## (All Defendants)

53. Liberty repeats and re-alleges paragraphs 1-52 as if fully set forth herein.

54. Upon information and belief, the Oennings have acted in concert, agreed, associated, mutually undertaken and combined together to injure Liberty's business.

55. Upon information and belief, the Oennings are acting together to breach their post-termination duties and covert Liberty's customers.

56. The Oennings' actions constitute a conspiracy in violation of Va. Code Ann. § 18.2-499, *et seq.*, and they have caused, and continue to cause, harm and irreparable harm to Liberty.

WHEREFORE, in consideration of the foregoing, plaintiff Liberty Tax Service respectfully prays for the following relief:

1. That it be granted a judgment for damages in the amount of $250,000.00 in its favor against the Oennings for the breaches of the Franchise Agreement and unpaid accounts receivable;

2. That it be granted a judgment for damages in the amount of $2,730.75 against Mr. Oenning for the breach of the Promissory Note;

3. That it be granted its costs and attorney's fees incurred under the Promissory Note;

4. That it be granted treble damages, lost profits, and attorneys' fees and costs under the Civil Conspiracy and Business Conspiracy claims;

5. That a temporary injunction, later to be made permanent, be granted compelling the Oennings and all their agents, employees and all other persons in active concert or participation with them to:

   a. Stop identifying themselves as a Liberty Tax franchisee, never hold out as a former Liberty Tax franchisee and cease, and not thereafter commence, use of any of the Marks or any marks that are likely to be confused with the Marks;

    b. Stop using all literature received from Liberty and other items bearing the Marks;

    c. Deliver to Liberty all customer lists and information;

    d. Deliver to Liberty all customer tax returns, files, records, and copies;

    e. Transfer to Liberty all telephone numbers, listings and advertisements used in the former Liberty offices and deliver to Liberty copies of such documents of transfer;

    f. Never divulge or use for the benefit of anyone outside the Liberty system any information concerning customers served by the prior Liberty franchised business;

    g. Not directly or indirectly prepare or electronically file income tax returns or offer bank products within Liberty Territory CA753 or within 25 miles of the boundary of the territory for two years from the date of the entry of this injunction order; and

    h. Not directly or indirectly solicit the patronage of any former Liberty customer served by the Oennings' prior Liberty office during the time period June 26, 2012 through June 26, 2013, for the purpose of offering tax preparation, electronic filing or bank products, within former Liberty Territory CA753 or within 25 miles of the boundaries of such territory, for two years from the date of the entry of the injunction order.

6. Grant Liberty such other and further relief as this Court may deem just and proper.

 

JTH Tax, Inc. d/b/a Liberty Tax Service

By: _____
Of Counsel

David Lindley (VSB # 71215)
Corporate Counsel
JTH Tax, Inc. d/b/a Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, VA 23454

Telephone number: 757-493-8855
Fax number: 800-880-6432
Email: david.lindley@libtax.com

By: _____
Of Counsel

Joseph Knowles, Esq. (VSB #75086)
Corporate Counsel
JTH Tax, Inc. d/b/a Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, VA 23454
Telephone number: 757-493-8855
Fax number: 800-880-6432
Email: joseph.knowles@libtax.com